**518**

### RIDGEWAY *v.* GLASS.

ATKINSON, Justice. Ridgeway executed to Glass a bill of sale wherein the only description of the property conveyed was the "entire stock of goods located in R. L. Manning's storeroom I am now using in Bethlehem, Georgia, Barrow County. Said stock consists of a general line of merchandise. . . Said property is now in my possession in said county and State." Glass proceeded to foreclose his bill of sale as a mortgage, and Ridgeway interposed his affidavit of illegality, based upon the ground that the levy was proceeding illegally as to several items as not being included in the description in the bill of sale. The court submitted to the jury the queston whether or not the bill of sale should be reformed because of mutual mistake. The jury found "in favor of the plaintiff," and the court adjudged "that the mortgage fi. fa. proceed, and the property set forth in the affidavit of illegality is declared subject to the mortgage fi. fa., and the bill of sale is reformed as prayed by plaintiff in fi. fa." Every special ground of the motion for a new trial is based upon the hypothesis that the description of the property in the bill of sale was complete and unambiguous and could not be varied by parol evidence. *Held,* that the grounds of the motion for new trial are without merit. The evidence supported the verdict, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 11335. DECEMBER 4, 1936.

*Joe Quillian,* for plaintiff in error.
*Robert L. Russell,* contra.